IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ALONZO HOUSTON | § | |
| VS. | § | CIVIL ACTION NO. 1:12cv424 |
| MARCUS MARTIN | § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING
## THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Alonzo Houston, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes petitioner's objections should be overruled. Petitioner's petition does not meet the criteria required to support a claim under the savings clause of 28 U.S.C. § 2255. *See Padilla v. United States*, 416 F.3d 424 (5th Cir. 2005); *Reyes-Requena v. United States*, 243 F.3d. 893 (5th Cir. 2001). Petitioner relies on *O'Brien v. United States*, 131 S.Ct. 2169 (2010). In *O'Brien*, the Supreme Court held that the issue of whether a firearm is a

machinegun is an element of the offense in 18 U.S.C. § 924(c)(1)(B)(ii), rather than merely a sentencing factor. As a result, the finding that the weapon involved in the offense is a machinegun must be made by the jury at trial rather than by the judge in connection with sentencing.

The decision in *O'Brien* was one of statutory-interpretation about the elements of an offense under 18 U.S.C. § 924(c)(1)(B)(ii) and did not render the conduct for which petitioner was convicted non-criminal. *See In re Lampton*, 667 F.3d 585, 590 (5th Cir. 2012). It held that the determination of the type of weapon involved in a particular offense is a question for the jury, not the judge. *See Abed v. Bledsoe*, 473 F. App'x 106 (3rd Cir. 2012). A decision by a court "concerning who must find a fact (not what fact must be found) in no way renders [a defendant's] conduct legal. The substance of the law did not change; only the procedure changed." *Logan v. United States*, 434 F.3d 503, 510 (6th Cir. 2006). Thus, petitioner has failed to show he was convicted of "a nonexistent offense" as required by the actual innocence prong of *Reyes-Requena*. Accordingly, his objections are without merit.

O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** this **19** day of **July, 2013.**

Ron Clark, United States District Judge